**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2012

Lyle W. Cayce
Clerk

No. 11-50867
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SOLIS-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1155-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Solis-Diaz (Solis) appeals the sentence imposed by the district court following his guilty plea conviction of illegal reentry into the United States following removal. He contends that his 70-month sentence of imprisonment was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Noting that he has lived most of his life in the United States, Solis asserts that, because of his cultural assimilation, he is less culpable than the ordinary immigration offender. He also asserts that his motive for returning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the United States—to be with his wife and children—is a mitigating circumstance that weighs in favor of a sentence below the guideline range.

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). To rebut the presumption, the defendant must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

We give "great deference" to a sentence that falls within the pertinent guidelines range and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines" when such a sentence is imposed. *United State v. Mares*, 402 F.3d 511, 519-20 (2005). Although cultural assimilation can be a mitigating factor, nothing requires the district court to give it "dispositive weight." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Solis's benign reason for reentering the United States, even in conjunction with his cultural assimilation, is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Solis also asserts that the appellate presumption of reasonableness should not apply because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based. He correctly acknowledges that this argument is foreclosed by our precedent and states that he is raising it to preserve it for possible further review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

AFFIRMED.